# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Joseph Cox,<br>    Petitioner,<br>vs.<br>Charles L. Ryan, et al.,<br>    Respondents. | CV-10-611-TUC-FRZ (JCG)<br>**REPORT & RECOMMENDATION** |

Petitioner, Bryan Joseph Cox, who is presently confined in the Cibola Unit of the Arizona State Prison Complex in San Luis, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9) and Petitioner's Reply. (Doc. 11.) The Magistrate Judge recommends that the District Court deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Pima County Superior Court, the facts giving rise to Petitioner's conviction are as follows:[1]

> This case stems from an incident that occurred on July 27, 2006, when petitioner and co-defendant Cummins went to the residence of [JD] in an attempt to collect a debt. Petitioner knocked on the door and then shot a slug round from a sawed-off shotgun through the door. [JD], who was on the other side of the door, was killed. It is not known whether defendants heard him fall to the floor before they fled the scene. The facts suggest that they were not

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct."

> aware he had died, because Mr. Cummins continued to text message [JD] about the money he wanted to collect from him.

(Answer, Ex. A.)

On January 16, 2007, Petitioner was indicted on one count of first degree murder (a class one felony), one alternative count of second degree murder (a class one felony) and one count of first degree burglary (a class two felony). (Answer, Ex. G.) On November 21, 2007, Petitioner entered into a plea agreement in which he plead guilty to one count of second degree murder. (Answer, Ex. H.) On December 17, 2007 Petitioner was sentenced to a 19-year term. (Answer, Ex. B.)

On December 21, 2007, Petitioner filed a Notice of Post-Conviction Relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition.") In the petition that followed, Petitioner raised three claims: (1) Petitioner received ineffective assistance of counsel when his trial counsel failed file pretrial motions or interview witnesses and was not adequately able to advise Petitioner of the strength of the State's case; (2) there was no factual basis for a finding that Petitioner exhibited extreme indifference to human life as required by Rule 17.3, Ariz. R. Crim. P.; and (3) Petitioner did not knowingly and voluntarily enter into the plea. (Answer, Exs. A, D.) After an evidentiary hearing, the trial court denied Petitioner's Rule 32 Petition on March 4, 2009. (*Id.*; Answer Exs. B, I, J, K.) Petitioner petitioned for review of the trial court's denial of his Rule 32 Petition, raising the same claims in his petition for review that he presented in his Rule 32 Petition. (Answer, Exs. B, E.) On October 28, 2009, the Court of Appeals granted the petition but denied relief. (Answer, Ex. B.) Petitioner petitioned for review by the Arizona Supreme Court; the Arizona Supreme Court summarily denied review on April 27, 2010. (Answer, Ex. C.)

On October 12, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus, in which he presents three claims:

**Ground 1:** Petitioner received ineffective assistance of counsel when his trial counsel: (a) failed to file pretrial motions or interview witnesses and (b) was not adequately able to advise Petitioner of the strength of the State's case;

2

| | |
|---|---|
| **Ground 2:** | There was no factual basis for a finding that Petitioner exhibited extreme indifference to human life; and |
| **Ground 3:** | Petitioner did not knowingly and voluntarily enter into the plea. |

## DISCUSSION

The Magistrate recommends that the Petition be denied. Ground 2 fails to allege a constitutional violation. Petitioner is procedurally barred from raising Ground 1(a). Grounds 1(b) and 3 are without merit.

### A.  Non-Cognizable Claim

In Ground 2, Petitioner alleges that the trial court entered judgment on the plea even though there was no factual basis for a finding that Petitioner exhibited extreme indifference to human life. Petitioner does not assert a violation of federal law with respect to Ground 2. Because 28 U.S.C. § 2254 permits the Court to entertain a Petition for Writ of Habeas Corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and because Ground 2 does not allege a violation of federal law, Ground 2 fails to state a cognizable claim.[2]

### B.  Effect of Guilty Plea on Collateral Review

In Ground 1(a) Petitioner contends that he received ineffective assistance of counsel when his trial counsel failed to file pretrial motions or interview witnesses. Petitioner's plea agreement provides:

> Defendant hereby waives any right to raise and/or appeal any and all motions, defenses, probable cause determinations, restitution orders, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement.

(Answer, Ex. H.) A voluntary and intelligent plea of guilty made by an accused person, who

---

[2] In addition, Petitioner failed to present Ground 2 as a federal claim in his Rule 32 Petition, and thus it is also barred on fair presentation grounds. To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

3

has been advised by competent counsel, may not be collaterally attacked. *See Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) (collecting cases), disapproved on other grounds by *Puckett v. United States*, --- U.S. ----, 129 S.Ct. 1423, 173 L.Ed.2d 266 (Mar 25, 2009). Thus, a plea-convicted petitioner can only pursue federal habeas relief on the grounds that he did not enter into the plea agreement voluntarily or the plea was induced by ineffective assistance of counsel. *See id.* Ground 1(a) of the Petition does not challenge the voluntariness of Petitioner's plea, nor does it allege that Petitioner relied on ineffective assistance of counsel in deciding to accept the plea offer.[3] Ground 1(a) is therefore procedurally barred by the rule set forth in *Mabry*. In addition, a claim may be procedurally defaulted in federal court if it was raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The Court of Appeals, in denying Petitioner's petition for review, held that by entering his guilty plea, Petitioner had waived his right to challenge his counsel's effectiveness except for claims that relate directly to the validity of the plea. (Answer, Ex. B.)

**C.    Merits**

Petitioner properly presented Grounds 1(b) and 3 in his Rule 32 proceedings. Accordingly, Grounds 1(b) and 3 are properly exhausted and the Court will consider the merits of these claims.

    **i.    Standard of Review**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

---

[3] Although Ground 1(a) alleges ineffective assistance of counsel, the specific allegations relate to trial counsel's alleged failure to engage in trial preparation. Petitioner does not allege that this failure induced him or coerced him into accepting the plea.

4

1         Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

        Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its

1 independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### ii. Ground 1(b)

In Ground 1(b), Petitioner claims that he received ineffective assistance of counsel rendering his plea involuntary. According to Petitioner, his trial counsel was not adequately able to advise Petitioner of the strength of the State's case. Specifically, Petitioner contends that the evidence supporting the charges of first or second degree murder was weak, and his trial counsel should have conveyed to him the improbability that the State could gain a conviction for either of those charges.[4] The Court of Appeals rejected Petitioner's argument, adopting the order of the trial court. (Answer, Ex. B.) The trial court rejected the argument on the ground that there was sufficient evidence to establish the first degree/felony murder predicate offenses of first degree burglary and attempted armed robbery. The trial court did not consider Petitioner's claim that there was insufficient evidence to support a second degree murder conviction. (Answer, Ex. A.)

The trial court and the Court of Appeals applied the correct federal law, relying on *Strickland v. Washington*, 466 U.S. 668, 687 (1984), clearly established precedent regarding claims for ineffective assistance of counsel. Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland*, 466 U.S. at 686. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the

---

[4] The Petition is vague with respect to Petitioner's claim that trial counsel failed to apprise Petitioner as to the strength of the State's case; the Magistrate Judge has referred to Petitioner's Rule 32 Petition for further elaboration of this claim. To the extent Petitioner argues in Ground 1(b) that his trial counsel failed to apprise Petitioner as to the strength of the State's case because trial counsel misinformed Petitioner regarding the length of sentence he would potentially face if convicted of manslaughter, the claim is not exhausted, as Petitioner did not include that factual allegation in his Rule 32 proceedings.

"counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

The trial court reasonably applied *Strickland* to the facts of Petitioner's case with respect to Petitioner's claim that the evidence supporting the charges of first degree murder was weak, and his trial counsel should have conveyed to him the improbability that the State could gain a conviction for that charge. Petitioner argued that the felony murder predicate offenses alleged – first degree burglary and attempted armed robbery – were not supported by any evidence. However, there was evidence to support both offenses. As the trial court noted, A.R.S. § 13-1508(A) provides: "A person commits burglary in the first degree if such person or an accomplice violates the provisions of either § 13-1506 or 13-1507 and knowingly possesses explosives, a deadly weapon or a dangerous instrument in the course of committing any theft or any felony." A.R.S. § 13-1506 is violated if a person enters a "fenced residential yard," defined at A.R.S. § 13-1501 as "a unit of real property that immediately surrounds or is adjacent to a residential structure and that is enclosed by a fence, wall, building or similar barrier or any combination of fences, walls, buildings or similar barriers," with the intent to commit any theft or any felony therein. Petitioner argued before the trial court that the victim's residential property did not have a fenced yard as required by A.R.S. § 13-1506 because evidence suggested that the victim's property consisted of two units surrounded by a single fence with an open gate. However, there was also evidence that the gate could be closed, that the victim's father sometimes closed the gate, and that the fence completely surrounded the two units because they were treated as a single property. Thus, there was sufficient evidence from which a jury could conclude that Petitioner had violated A.R.S. § 13-1508(A). Similarly, Petitioner claimed that there was insufficient evidence to

support the predicate offense of attempted armed robbery. However, the evidence demonstrated that Petitioner arrived at the victim's home with a sawed-off shotgun intending to coerce the victim into paying money against his will. These facts satisfy the elements of an attempted armed robbery charge. *See State v. Clark*, 143 Ariz. 332, 334, 693 P.2d 987, 989 (App.1984) ("The essential elements of an attempted robbery are (1) intent to commit robbery and (2) an overt act towards that commission. . . . Armed robbery is committed when the defendant or an accomplice is armed with a deadly weapon."); *see also* A.R.S. § 13-1001(A)(2), A.R.S. § 13-1904(A). Because there was evidence to support the predicate offenses of the first degree murder charge, trial counsel was not deficient for failing to advise Petitioner that it was improbable that the State could gain a first degree murder conviction.

Petitioner also argued in his Rule 32 proceedings that his trial counsel should have advised him that the State would be unlikely to obtain a conviction on the second degree murder charge because there was insufficient evidence to suggest that Petitioner acted with extreme indifference to human life. Neither the trial court nor the Court of Appeals provided a reason for rejecting this claim. Where a state court gives no reasoned explanation for its decision on a petitioner's federal claim, this Court reviews the record before it to determine whether the state court's denial of that claim constituted an unreasonable application of clearly established federal law. *See Greene v. Lambert*, 288 F.3d 1081, 1088-89 (9th Cir. 2002). The Magistrate Judge concludes that Petitioner's trial counsel acted reasonably with respect to the second degree murder charge. A person commits second degree murder if, without premeditation, and under circumstances manifesting extreme indifference to human life, the person recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person. *See* A.R.S. § 13-1104(A)(3). In the present case, there was evidence indicating that Defendant acted with extreme indifference to human life. Defendant alleges in his Rule 32 Petition that the last time the co-defendant had attempted to collect the debt, the victim had chased him around the yard with a pipe; thus Defendant anticipated a violent confrontation when he visited the victim's residence. (Answer, Ex. D.) Defendant then knocked on the door of the victim's residence and fired a round from a

8

1 sawed-off shotgun through the door.  Even if, as Defendant claims, he did not think anyone was home, a jury could conclude that shooting through the front door of someone's private residence while ignoring the possibility that a person could be standing on the other side of the door constitutes recklessly engaging in conduct that creates a grave risk of death.  *See, e.g.*, *State v. Warrior*, 2008 WL 2555106, *4 (2008) (unpublished) (upholding jury verdict on second degree murder charge where defendant entered a yard attempting to collect a debt and then fired several warning shots in the air).  Because there was evidence to support a second degree murder charge, trial counsel was not deficient for failing to advise Petitioner that it was improbable that the State could gain a second degree murder conviction.  Accordingly, Ground 1(b) is without merit.

### iii.     Ground 3

In Ground 3, Petitioner claims that he did not knowingly and voluntarily enter into the plea.  According to Petitioner, he did not know that manifesting extreme indifference to human life was an element of the second degree murder charge to which he plead.  Petitioner claims that, had he known this fact, he would not have entered into the plea agreement because he does not believe sufficient evidence supported that element of the second degree murder charge.  The Court of Appeals rejected Petitioner's argument, adopting the order of the trial court.  (Answer, Ex. B.)  The trial court rejected the argument on the ground that Petitioner was clearly aware that he was pleading guilty to second degree murder and was fully informed of his rights by the Court.  (Answer, Ex. A.)

In reaching its decision, the trial court stated that it was constitutionally obligated to ensure that Defendant understood: (1) the nature of the charges; (2) the nature and range of possible sentences; (3) the constitutional rights waived by pleading guilty; (4) the right to plead not guilty; and (5) that the right to appeal is also waived.  (Answer, Ex. A.)  This is a correct statement of the applicable federal law.  *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The trial court's conclusion was a reasonable application of the facts to the governing law.  Petitioner signed the plea agreement, which specifically states that Petitioner is pleading guilty to second degree murder, a class one felony.  (Answer, Ex.

G.) The plea agreement also states that Petitioner had been advised by his attorney of the nature of the charge. (Answer, Ex. G.) At the change of plea hearing, Petitioner confirmed that he had reviewed and understood the plea agreement before signing it. (Answer, Ex. G.) The trial court asked Petitioner if he wanted to plead guilty to second degree murder, a class one felony, and Petitioner responded in the affirmative. (Answer, Ex. F.) The prosecutor asked the defendant to acknowledge that his actions "were in reckless disregard for human life," which Petitioner acknowledged.[5] (Answer, Ex. F, pgs. 10-11.) Petitioner's attorney affirmed in the plea agreement that he had discussed the factual basis for and the nature of the offense with Petitioner. (Answer, Ex. G.) Petitioner's attorney also testified that he believed Petitioner was at risk for being convicted of second degree murder if the case proceeded to trial because shooting into a house could be construed as extreme indifference to human life, and that he communicated that risk to Petitioner. (Answer, Ex. I, pgs. 33-34.) Accordingly, the record is sufficient to demonstrate that Petitioner was adequately informed of the *mens rea* element of the second degree murder charge at the time he entered his plea. *See, e.g., Marshall v. Lonberger*, 459 U.S. 422, 437 (1983) (denying habeas relief where record supported state court's conclusion that petitioner's plea was voluntary).

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-611-TUC-FRZ**.

---

[5] To the extent that Petitioner is now claiming he did not understand the nature of the second degree murder charge because he plead only to "reckless disregard" for human life, not "extreme indifference to human life," as required by A.R.S. § 13-1104, the argument is without merit. It appears from the record that the prosecutor mis-spoke at the hearing and paraphrased A.R.S. § 13-1104, which defines second degree murder's "extreme indifference" element as "recklessly engaging in conduct that creates a grave risk of death and thereby causes the death of another person." There is no evidence to suggest that the prosecutor's statement could have reasonably lead Petitioner to believe he was pleading guilty to some other, lesser offense.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 12th day of July, 2011.

_____
Jennifer C. Guerin
United States Magistrate Judge